IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| **MICAH BENJAMIN TUCKER** <br> 4205 Kenwood Avenue <br> Baltimore, Maryland 21206 <br><br> *Plaintiff* <br><br> v. <br><br> **DENNIS MCCAIN** <br> Baltimore County Police Department <br> Precinct 8 – Parkville <br> 8532 Old Harford Road <br> Baltimore, Maryland 21234 <br><br> *Defendant* | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * Civil Action No. |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT AND DEMAND FOR JURY TRIAL FOR MONETARY DAMAGES FOR VIOLATION OF PLAINTIFF'S CIVIL RIGHTS

NOW COMES Plaintiff, Micah Tucker, by and through her undersigned counsel, Anton L. Iamele and IAMELE & IAMELE, LLP and Tyler L. Mann and MANN & RISCH, LLC, who hereby sues Defendant, Baltimore County Police Officer Dennis McCain (Identification Number 4626), and as reasons states as follows:

### Introduction

1. This is an action for monetary damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments of the United States Constitution, the common law of the State of Maryland, and the Maryland Declaration of Rights against Baltimore County Police Officer Dennis McCain (Identification Number 4626).

2. It is alleged herein that Defendant McCain made an unreasonable seizure of the person of Plaintiff Micah Tucker on July 3, 2018, thereby violating his rights under the Fourth and

1

Fourteenth Amendment of United States Constitution, as well as, the Maryland Declaration of Rights. It is further alleged that Defendant McCain employed unwarranted and excessive force in effecting the seizure at issue in this Complaint.

## Jurisdiction and Venue

3. This Court has jurisdiction over the subject matter of this Complaint under 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343(a)(3), 1343(a)(4) and 1367(a).

4. Venue is proper under 28 U.S.C. § 1391 as the causes of action set forth in this Complaint concern events that occurred in Baltimore County and Baltimore City, Maryland.

5. On or about October 25, 2018, notice of the claims advanced herein was posted in accordance with Maryland's Local Government Tort Claims Acts to the Baltimore County Attorney. This notice letter was received by the Baltimore County Attorney on or about October 26, 2018. Baltimore County, Maryland acknowledged receipt of Plaintiff's notice of claims by a correspondence dated October 29, 2018.

## Parties

6. Plaintiff Micah Tucker is a citizen of the State of Maryland residing at 4205 Kenwood Avenue, Baltimore, Maryland 21206.

7. At all times relevant to the instant complaint, Defendant Baltimore County Police Officer Dennis McCain (4626) was acting as an authorized agent, servant, and/or employee of the Baltimore County Police Department, 700 East Joppa Road, Towson, Maryland 21204. At all times relevant to this Complaint, Defendant Baltimore County Police Officer Dennis McCain (4626) was acting within the scope and course of his employment as a member of the Baltimore County Police Department and under the color of state law. He is sued in both his independent and official capacity.

2

## Facts

8. On or about July 3, 2018, at approximately 4:59a.m., Baltimore County Police Officer L. Perry (ID No5823) responded to a call for an alleged "shoplifting" which was reported to have "just occurred" at the Walgreens store located at 9616 Harford Road, Parkville, Maryland 21234.

9. Upon arrival at the location, Officer Perry interviewed the store manager who reported that an unknown suspect had departed the location with what he characterized as unknown items in a bag. Upon questioning, the store manager advised Officer Perry that he was unable to determine what items had been taken from the store.

10. The Walgreens store manager further advised Officer Perry that he believed the unknown suspect had entered a blue Chevy Tahoe that was being operated by a Caucasian female.

11. A radio broadcast issued concerning the blue Chevy Tahoe.

12. Defendant McCain, who had not responded to the location of the Walgreens, subsequently observed a blue Chevy Tahoe traveling on Nunley Drive approaching Old Harford Road. This observation occurred approximately 1.5 miles away from the Walgreens store.

13. The blue Chevy Tahoe was operated by a then unknown woman who would later be identified as Robin Nicole Slack.

14. Plaintiff Micah Benjamin Tucker occupied the front passenger seat of the vehicle. Defendant McCain did not see Plaintiff Tucker when he first observed the Chevy Tahoe.

15. Defendant McCain activated his emergency equipment and initiated a pursuit.

16. Defendant McCain pursued the blue Chevy Tahoe from Nunley Drive, onto Kings Ridge Road, and then onto Old Harford Road.

17. Defendant McCain continued his pursuit of the blue Chevy Tahoe southbound on Old Harford Road leaving Baltimore County, Maryland and entering the jurisdiction of Baltimore

3

City, Maryland. Defendant McCain did not have lawful authority or justification to engage in the ongoing pursuit in Baltimore City.

18. During the pursuit, Defendant McCain advised dispatch that there was a "number 2 female driving: and that he "could not see inside the passenger side" or determine "who [,if anyone else,] was inside" of the vehicle.

19. Notwithstanding the fact that he was no longer within Baltimore County, Defendant McCain continued to chase the blue Chevy Tahoe from southbound Old Harford Road onto East Northern Parkway, then onto Belair Road, and eventually onto Kenwood Avenue.

20. At or near the intersection of Kenwood Avenue and Mannington Avenue the ongoing pursuit reentered Baltimore County, Maryland.

21. Defendant McCain continued to pursue the Chevy Tahoe from Kenwood Avenue onto Route 7 (Philadelphia Road), then onto 66th Street, and eventually onto Pulaski Highway (Route 40) heading back towards Baltimore City.

22. As the blue Chevy Tahoe was approaching the Baltimore City line for a second time, Defendant McCain utilized his departmental vehicle to strike the vehicle, thereby causing it to run off the roadway and into a yellow traffic sign. The Chevy Tahoe came to rest on the side of the roadway.

23. Defendant McCain exited his patrol vehicle with his service weapon drawn.

24. Defendant McCain then directed Ms. Slack to "stop the car." Ms. Slack did not heed the command and attempted to drive back onto the roadway and continue down Pulaski Highway (Route 40).

25. When Ms. Slack attempted to drive away from the location, Defendant McCain fired his service weapon at the cabin of the blue Chevy Tahoe. Defendant McCain continued to fire upon

4

the vehicle as he gave chase on foot. In total, Defendant McCain fired nine or more rounds at the vehicle with his department issued service weapon.

26. Several rounds fired by Defendant McCain struck Plaintiff Tucker; the latter suffered multiple gunshot wounds to the left shoulder and groin area.

27. Defendant McCain reentered his patrol vehicle and attempted to recommence pursuit. He was unable to do so, however, as his patrol vehicle had sustained disabling damage when he purposefully collided with the Chevy Tahoe in an effort to force it off the road.

28. Ms. Slack eventually stopped the blue Chevy Tahoe at or near the Baltimore City Impound Lot located at 6700 Pulaski Highway, Baltimore, Maryland 21237.

29. Defendant McCain had not observed Plaintiff Tucker commit a criminal offense and/or act in a manner that was contrary to Maryland law prior to the time of the pursuit and shooting described herein. Defendant McCain acted without legal justification or a proper purpose.

30. Defendant McCain was not in possession of a warrant authorizing the arrest of Plaintiff Tucker.

31. Defendant McCain had not witnessed Plaintiff Tucker commit any on-view misdemeanor crime that would have permitted a warrantless arrest or supported a conclusion of adequate probable cause justifying a warrantless arrest.

32. Defendant McCain acted without probable cause and lawful authority to commence and continue the vehicle pursuit from Baltimore County into Baltimore City and then back into Baltimore County.

33. Defendant McCain further lacked legal justification, lawful authority and/or any other basis to seize the person of Plaintiff Tucker and/or direct lethal force at the person of Plaintiff Tucker.

34. At no time prior to, or during, the events described herein had Plaintiff Tucker overtly threatened Defendant McCain and/or any other members of the Baltimore County Police Department. Furthermore, Plaintiff Tucker had not acted to harm himself, Ms. Slack or any civilians who were present at the Walgreens or proximate to the above described police chase. Defendant McCain had no rational basis to conclude that Defendant McCain posed a risk of harm to himself or to the safety of any other persons.

35. Plaintiff McCain, who was unarmed, was sufficiently far away from the Defendant McCain that he did not pose any threat to his safety and could not reasonably be perceived to pose any threat to his safety when the shooting was commenced.

36. The conduct of Defendant McCain, in among other things firing multiple rounds at the blue Chevy Tahoe and directing lethal force at the occupants of the cabin of the vehicle, was undertaken recklessly and with wanton disregard for the occupants the Chevy Tahoe including, but not limited to Plaintiff Tucker; was without legal justification; and was improperly motivated by ill will and actual malice including, but not limited to, a desire to inflict pain, suffering, and injury upon the occupants of the vehicle including Plaintiff Tucker.

37. The force directed against Plaintiff Tucker was unnecessary, unreasonable, and excessive.

38. Plaintiff Tucker in no way consented to the described use of force by Defendant Officer McCain; in no way provoked, contributed to, or in any way presented just or reasonable cause for McCain to act he did; and did nothing to contribute to the unlawful and unjustified use of force carried out by Defendant McCain.

39. As a direct proximate result of the above-described events, Plaintiff Tucker suffered serious and permanent physical injuries.

40. In addition to the physical injuries described herein, Plaintiff Tucker suffered the following injuries and damages as a direct proximate result of actions by Defendant McCain:

   a. Violation of his well-established constitutional rights under the Fourth and Fourteenth Amendment of the United States Constitution to be free from an unreasonable search and seizure of his person;

   b. Violation of his constitutional rights under the Maryland Declaration of Rights clearly established and well settled state constitutional rights under the Maryland Declaration of Rights Articles 24 and 26 including, but not limited to: Freedom from the use of excessive, unreasonable, and unjustified force against his person;

   c. Loss of his physical liberty;

   d. Physical pain and suffering;

   e. Emotional trauma and suffering, embarrassment, and mental anguish;

   f. Lost wages and loss of future earning potential; and

   g. And has suffered and will continue to suffer economic loss due to the sums of money spent to alleviate his injuries.

41. The actions of actions by Defendant McCain violated the following clearly established and well settled federal and state constitutional rights of Plaintiff Tucker:

   a. Freedom from the unreasonable seizure of his person; and

   b. Freedom from the use of excessive, unreasonable, and unjustified force against his person.

42. It was subsequently determined that Plaintiff Tucker had taken four Red Bull beverages from the Walgreens and he was accordingly charged with theft less than $100.00. The criminal

case styled *State of Maryland v. Micah Benjamin Tucker*, District Court of Maryland for Baltimore County Case No.: 1C00465074, was initiated the same day.

### Causes of Action

### COUNT I – VIOLATION OF 42 U.S.C. 1983 – FOURTH AND FOURTEENTH AMENDMENTS
**(Plaintiff Micah Tucker v. Defendant Baltimore County Police Officer Dennis McCain)**

43. Plaintiff Tucker hereby incorporates Paragraphs 1 through 42 as if fully restated herein.

44. At all times relevant to this Complaint, Plaintiff Tucker had rights afforded to him by the Fourth and Fourteenth Amendments to the United States Constitution not to have his person or property unlawfully searched, seized, or detained in an unreasonable manner; not to be deprived of his liberty without due process of the law; not to be subjected to excessive force during the course of a vehicle pursuit and/or arrest.

45. At all times relevant herein, Defendant McCain was acting under the color of State and local law and as a member of the Baltimore County Police Department. His conduct therefore triggers 42 U.S.C. §1983.

46. Defendant McCain's actions and omissions deprived Plaintiff Tucker of his clearly established and well-settled constitutional rights.

47. Defendant McCain knowingly acted to deprive the Plaintiff of his constitutional rights maliciously and with reckless disregard for the same.

48. Plaintiff Tucker claims damages for the injuries set forth above under 42 U.S.C. § 1983 against Defendant Baltimore County Police Officer Dennis McCain (4626) for violation of his constitutional rights under color of law.

### COUNT II – BATTERY
**(Plaintiff Micah Tucker v. Defendant Baltimore County Police Officer Dennis McCain)**

49. Plaintiff Tucker hereby incorporates Paragraphs 1 through 48 as if fully restated herein.

50. Defendant McCain engaged in intentional acts of unlawful conduct with Plaintiff Tucker such that the Plaintiff sustained serious and permanent injuries.

51. Defendant McCain directed unreasonable, unlawful, and excessive force against Plaintiff Tucker.

52. Plaintiff Tucker in no way consented to the described contact by Defendant McCain; in no way provoked, contributed to, or in any way presented just or reasonable cause for Defendant McCain to act as he did; and did nothing to contribute to the unlawful touching that Defendant McCain inflicted upon him.

53. The conduct of Defendant McCain, in among other firing multiple rounds at the blue Chevy Tahoe and directing lethal force at the occupants of the cabin of the vehicle, was undertaken recklessly; with wanton disregard for the occupants the Chevy Tahoe including, but not limited to Plaintiff Tucker; without legal justification; and was improperly motivated by ill will and actual malice including, but not limited to, a desire to inflict pain, suffering, and injury upon the occupants of the vehicle including Plaintiff Tucker.

54. As a direct and proximate result of the assault perpetrated Defendant Baltimore County Police Officer Dennis McCain (4626), Plaintiff Tucker sustained significant injuries, medical bills, and psychological damages.

### COUNT III – VIOLATION OF MARYLAND STATE DECLARATION OF RIGHTS
**(Plaintiff Micah Tucker v. Defendant Baltimore County Police Officer Dennis McCain)**

55. Plaintiff Tucker hereby incorporates Paragraphs 1 through 54 as if fully restated herein.

56. As a direct and proximate result of the actions and omissions of Defendant McCain, described herein, all of which were committed under the color of his authority as a member of the Baltimore County Police Department and while acting in the capacity of duly authorized

Respectfully submitted,

IAMELE & IAMELE, LLP

_____-s-_____
Anton L. Iamele, Federal Bar No. 14845
201 North Charles Street, Suite 400
Baltimore, Maryland 21201
410-779-6160 (Telephone)
410-779-6161 (Facsimile)
aiamele@iamelelaw.com
*Counsel for Plaintiff, Micah Tucker*

THE LAW OFFICERS OF MANN & RISCH

_____-s-_____
Tyler Mann, Federal Bar No. 30028
101 E. Chesapeake Avenue, Suite 100
Towson, Maryland 21286
410-929-5145 (Telephone)
tyler@mannrisch.com
*Counsel for Plaintiff, Micah Tucker*

## **PRAYER FOR JURY TRIAL**

Plaintiff hereby requests that all issues raised in this Complaint be decided by way of a jury trial.

_____-s-_____
Anton L. Iamele