**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| **CHAMBERS OF**<br>**STEPHANIE A. GALLAGHER**<br>**UNITED STATES DISTRICT JUDGE** | **101 WEST LOMBARD STREET**<br>**BALTIMORE, MARYLAND 21201**<br>**(410) 962-7780**<br>**Fax (410) 962-1812**<br>**MDD_SAGchambers@mdd.uscourts.gov** |

September 22, 2021

LETTER ORDER

      Re:  Tucker v. McCain; Civil Case No. SAG-21-1559

Dear Counsel,

      In this civil rights action, Plaintiff Micah Tucker alleges that Defendant Officer Dennis McCain shot him multiple times while effecting a traffic stop of a vehicle in which Tucker was riding.  McCain has filed a motion to dismiss, invoking qualified immunity.  ECF 8.  I have reviewed the motion, along with the memorandum in support, the opposition, and the reply.  ECF 8-1, 11, 12.  No hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2021).  For the reasons stated herein, McCain's motion, ECF 8, is **DENIED**.

      In support of his motion, McCain appropriately states that officers are entitled to use objectively reasonable physical force to effect an arrest.  *Graham v. Connor*, 490 U.S. 386, 394 (1989).  McCain then cites several cases in which officers were deemed to have qualified immunity although they shot at vehicles to terminate a high-speed chase.  *See Plumhoff v. Rickard*, 572 U.S. 765, 776 (2014); *Scott v. Harris*, 550 U.S. 372, 386 (2007); *Mullenix v. Luna*, 577 U.S. 7, 19 (2015).  Each of those cases presented at the summary judgment stage, after full factual development of the record, and the Court's respective rulings were highly fact-specific.

      For example, in *Plumhoff*, 572 U.S. at 776-77, the Court summarized the facts as follows:

> [T]he chase in this case exceeded 100 miles per hour and lasted over five minutes. During that chase, Rickard passed more than two dozen other vehicles, several of which were forced to alter course.  Rickard's outrageously reckless driving posed a grave public safety risk.  And while it is true that Rickard's car eventually collided with a police car and came temporarily to a near standstill, that did not end the chase.  Less than three seconds later, Rickard resumed maneuvering his car.  Just before the shots were fired, when the front bumper of his car was flush with that of one of the police cruisers, Rickard was obviously pushing down on the accelerator because the car's wheels were spinning, and then Rickard threw the car into reverse "in an attempt to escape."  Thus, the record conclusively disproves respondent's claim that the chase in the present case was already over when petitioners began

>shooting. Under the circumstances at the moment when the shots were fired, all that a reasonable police officer could have concluded was that Rickard was intent on resuming his flight and that, if he was allowed to do so, he would once again pose a deadly threat for others on the road.

In light of those facts, the Court held that a "police officer's attempt to terminate a dangerous high-speed car chase that threatens the lives of innocent bystanders does not violate the Fourth Amendment, even when it places the fleeing motorist at risk of serious injury or death." *Id.* (quoting *Scott v. Harris*, 550 U.S. 372, 386 (2007)).

Here, no such facts are evident on the face of Tucker's complaint. The words "high-speed" do not appear, and it is unclear at what speed the vehicles were traveling or whether any bystanders were placed in immediate danger, which might render McCain's actions more reasonable. Moreover, Tucker was not the driver of the vehicle or the person suspected of having committed a criminal offense, and it is unclear whether McCain's efforts to terminate the car chase unreasonably placed him in danger under those circumstances. At the motion to dismiss stage, this Court must take all allegations of the Complaint as true but need not speculate the existence of additional facts that would favor the defendant officer, such as danger posed to innocent citizens from the chase or actions taken by Tucker to support or encourage the driver's flight. Thus, it is not evident from the allegations in the Complaint that McCain is entitled to qualified immunity, although he will of course be free to re-raise the issue as the litigation proceeds to the summary judgment phase.

Despite the informal nature of this letter, it is an Order of Court and will be docketed as such.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States District Judge